IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MATT LYLE | § | |
| | § | |
| v. | § | C.A. NO. C-12-055 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner was a state prisoner incarcerated at the Price Daniel Unit in Snyder, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a disciplinary proceeding. (D.E. 1). Pending is Respondent's motion to dismiss. (D.E. 15). Petitioner filed a response opposing this motion. (D.E. 23). For the reasons stated herein, it is respectfully recommended that Respondent's motion to dismiss be granted and that this habeas petition be dismissed as moot.

## I. PETITIONER'S ALLEGATIONS

Petitioner alleges that disciplinary proceeding number 20100330951 violated his constitutional right to due process. (D.E. 1, at 7). Specifically, he complains that he was not given proper notice about the disciplinary hearing and was hindered in his attempts to mount a defense. Id. at 7-11. Petitioner also claims that he was given an incorrect good-time earning class and denied educational credit. Id. at 13-14.

## II. DISCUSSION

Respondent contends that since Petitioner filed this petition, he was released to mandatory supervision. (D.E. 15, at 4; D.E. 15-2, at 3). As a result, he claims that Petitioner "no longer suffers the alleged harm he received as a result of the guilty finding or the purported miscalculation of his good-time credits." (D.E. 15, at 4). Respondent submits that this petition

is therefore moot because "the remedies available to him are no longer effective." Id.

Mootness is a jurisdictional matter implicating the requirement in Article III of the Constitution that there be a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam). In the context of a federal petition for habeas relief, dismissal is appropriate on the ground of mootness when relief sought by a petitioner is no longer available. See Bagwell v. Dretke, 376 F.3d 408, 412 (5th Cir. 2004) (discussing habeas petition where petitioner was no longer in custody) (citations omitted); Schlang v. Heard, 691 F.2d 796, 799 & n.6 (5th Cir. 1982) (per curiam) (habeas petition challenging extension of jail time was moot because petitioner had been released) (citations omitted). Accordingly, the Fifth Circuit has recognized that a habeas petition seeking only the expungement of disciplinary reports and restoration of good-time credits is mooted upon the petitioner's release to mandatory supervision. See Bailey, 821 F.2d at 278-79; Adair v. Dretke, 150 F. App'x 329, 331-32 (5th Cir. 2005) (citing Bailey).

Petitioner concedes that he was released to mandatory supervision and even speaks about having to "walk everywhere to the other side of town to reach the library, Post Office, etc." (D.E. 23, at 3). Moreover, his claims all relate to the duration of his confinement in prison. He challenges disciplinary proceeding 20100330951 on the basis that he lost good-time credit without due process, and he also complains about other matters that caused him to be "incarcerated beyond the proper date of his release." Id. Nowhere in his complaint or response brief does he specify that he will suffer from collateral consequences associated with the disciplinary proceeding, and the Fifth Circuit has determined that no such consequences exist. See Adair, 150 F. App'x at 332 (finding that under Texas law, good-time credits do not carry

2

over to a subsequent confinement) (citations omitted).  Finally, Petitioner's concern that he will be unable to raise a claim pursuant to 28 U.S.C. § 1983 without prior habeas relief is unfounded because the "requirement to resort to state litigation and federal habeas before § 1983 is not ... implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."  Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam) (discussing Heck v. Humphrey, 512 U.S. 477 (1994)).

Because Petitioner has been released to mandatory supervision, this Court cannot grant habeas relief.  It is therefore respectfully recommended that this petition be dismissed as moot.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S.

322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## IV. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion to dismiss, (D.E. 15), be granted, and that this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 2nd day of July 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).